LAWRENCE E. HORTEN, APPELLANT, v. MYRTLE KEATING, SURVIVING SPOUSE AND SOLE HEIR OF MILES KEATING, DECEASED, RESPONDENT.

No. 7720

May 21, 1975                    535 P.2d 796

[Rehearing denied June 17, 1975]

*Michael L. Hines,* of Las Vegas, for Appellant.

*A. Loring Primeaux* and *Fadgen & Johnson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

By Last Will dated November 6, 1970, Myles Keating bequeathed his estate to his friend and business partner, Larry Horten, and also appointed Horten executor. Keating was not then married. On September 23, 1972, Keating married Myrtle McAvin, to whom he remained married until his death. Provision was not made for Myrtle by marriage contract, by the aforementioned Last Will, nor was she mentioned therein to show an intention not to make provision for her.[1] The decedent left no issue, father, mother, brother or sister surviving. The record does not establish whether his estate was his separate property, or his interest in community property.

If he attempted to bequeath his separate estate, and the dispositive provision of his will was nullified by his subsequent marriage to Myrtle, then NRS 134.050(4) provides that such separate property shall go to the surviving wife,[2] since, in truth, he died intestate. On the other hand, if he attempted to bequeath his interest in community property, and the bequest was nullified by reason of his later marriage, such interest would go to Myrtle as his surviving spouse.[3]

Following a contest of the dispositive provision of the will by Myrtle, the surviving spouse, the district court ruled that the decedent's estate was to go to Myrtle as though the decedent had died intestate, since, in the circumstances related, the Last

---

[1]NRS 133.110: "If a person marries after making a will and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such a way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation shall be received."

[2]NRS 134.050(4): "If the decedent shall have no issue, father, mother, brother, or sister, or children of any issue, all of the separate property of the intestate shall go to the surviving husband or wife."

[3]NRS 123.250: "Upon the death of either husband or wife, one-half of the community belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse. . . ."

Will was revoked by his subsequent marriage to her. That ruling was correct. The will was revoked as to Myrtle, and whatever interest she would have taken had her husband died intestate goes to her as the surviving spouse unaffected by the provisions of the will. In re Estate of Stewart, 444 P.2d 337, 338 (Cal. 1968); In re Piatt's Estate, 183 P.2d 919 (Cal.App. 1947).

Affirmed.